UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                       :
DONOVAN BROWN,                                         :
                                                       :
                              Plaintiff,               :
                                                       :
               - against -                             :          17-CV-1677 (VSB) (KHP)
                                                       :
NEW YORK POLICE DEPARTMENT                             :               **ORDER**
OFFICER JOE PULGARIN, et al.,                          :
                                                       :
                              Defendants.              :
                                                       :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___11/1/2018___

VERNON S. BRODERICK, United States District Judge:

        Pro se Plaintiff Donovan Brown commenced this action on March 6, 2017 asserting

claims related to the alleged use of excessive force by Defendant police officers. (Doc. 2.) On

April 11, 2018, Defendants filed a letter motion to compel Plaintiff to respond to Defendants'

first set of document requests and interrogatories, and represented that Plaintiff had failed to

respond to certain discovery deadlines. (Doc. 18.) On April 12, 2018, I referred this matter to

Magistrate Judge Parker for all non-dispositive pretrial matters, including issues related to

discovery. (Doc. 19.)

        On April 23, 2018, Magistrate Judge Parker held a discovery conference to discuss

Defendants' motion to compel. (R&R 2.) Plaintiff failed to appear at the conference. (*Id.*) On

April 23, 2018, Magistrate Judge Parker issued an order granting Defendants' motion to compel

and directing Plaintiff to respond to Defendants' discovery requests by May 14. (Doc. 22.) In

the order, Magistrate Judge Parker set a status conference for May 30, 2018 and instructed

Plaintiff to appear for the conference or risk having the case dismissed for failure to prosecute.

(*Id.*) Magistrate Judge Parker directed Defendants to send Plaintiff a copy of her order by mail,

text message, and email. (*Id.*) Plaintiff failed to appear at the May 30 conference and failed to comply with Magistrate Judge Parker's order compelling Plaintiff to respond to Defendants' discovery requests. (R&R 2.)

Following the May 30 conference, Magistrate Judge Parker issued an order directing Plaintiff to file a letter by June 15 notifying the Court whether he intended to pursue the case and warned Plaintiff that failure to comply would result in dismissal for failure to prosecute. (Doc. 24.) To date, Plaintiff has not filed a letter in compliance with Magistrate Judge Parker's order.

Before me is Magistrate Judge Parker's unchallenged Report and Recommendation (the "Report and Recommendation" or "R&R"), which recommends that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Magistrate Judge Parker's R&R is thorough and detailed, and I accept its findings and recommendations, and direct that this case be dismissed consistent with the findings in the Report and Recommendation.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Nelson v. Smith*, 618 F.

Supp. 1186, 1189 (S.D.N.Y. 1985).

The Report and Recommendation was filed on June 25, 2018. Although the Report and Recommendation explicitly provided that "the parties have seventeen days . . . from the service of this Report and Recommendation to file written objections," (R&R 4), no party filed an objection. I therefore reviewed Magistrate Judge Parker's thorough and well-reasoned Report and Recommendation for clear error and, after careful review of the record, found none. Accordingly, I adopt the Report and Recommendation in its entirety and this case is dismissed pursuant to Rule 41(b) consistent with the Report and Recommendation.

The Clerk's Office is respectfully directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

Dated: November 1, 2018
       New York, New York

Vernon S. Broderick
United States District Judge